UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0158 (PJS/FLN) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION ON SENTENCING GUIDELINES CALCULATIONS |
| SCOTT ROBERT MEILLIER, | |
| Defendant. | |

---

Tricia A. Tingle, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Daniel Mohs, DANIEL MOHS & ASSOCIATES, LTD., for defendant.

Defendant Scott Robert Meillier pleaded guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2).  He is awaiting sentencing.

The parties disagree about how the Court should determine the applicable sentencing range under the United States Sentencing Guidelines ("USSG").  The probation office recommends, in its presentence-investigation report ("PSR"), that Meillier's offense level under the guidelines be increased by four levels under USSG § 2G2.2(b)(4) because Meillier's "offense involved material that portrays sadistic or masochistic conduct or other depictions of violence . . . ." PSR at ¶ 17.  The government agrees with this recommendation.  Meillier objects.  The Court sustains Meillier's objection.

The probation office relies on a single image to support the application of § 2G2.2(b)(4). In response to Meillier's objection, the probation office says:

> In this case, the defendant had a computer file [i.e., one picture]
> which depicted two naked Hispanic males and two naked Hispanic

>females who all appear to be age 14 to 16. One male is inserting his penis into a female while she is on her hands and knees. The other male is lying on his chest on the bed performing oral sex on the female who is covering her face with a pillow. The probation officer is aware that the Eighth Circuit has determined that sexual penetration of a minor by an adult[] is per se[] sadistic. Based on the penetration of a minor and the agreement by the parties in the plea agreement, the enhancement was applied in this case. § 2G2.2(b)(4) The final decision rests with the Court.

PSR at A1. As this passage makes clear, in determining whether to recommend a four-level enhancement under § 2G2.2(b)(4), the probation office considered only one factor other than the image described in this passage: the parties' stipulation in the plea agreement that § 2G2.2(b)(4) would apply. But the plea agreement noted that this stipulation was binding only on the parties, not the Court, and the government does not rely on this stipulation in resisting Meillier's objection.[1]

---

[1] A district court is generally not bound by a stipulation of facts in a plea agreement. *See* USSG § 6B1.4(d); *United States v. Ingles*, 408 F.3d 405, 407 n.2 (8th Cir. 2005); *United States v. Teeter*, 257 F.3d 14, 28 (1st Cir. 2001) ("[D]efendants ordinarily should be held to plea-agreement terms that they knowingly and voluntarily accept. But there are caveats. Stipulations about legal issues, for example, are problematic. There is language in a number of cases indicating (correctly, we think) that such stipulations normally are not binding on a court. Even when stipulations concern facts rather than law, courts traditionally retain the power to relieve parties from them on terms that are just.") (citations omitted); *United States v. Cain*, 134 F.3d 1345, 1348 (8th Cir. 1998). But a district court *may* rely on such a stipulation, and if it does so, the defendant will generally not be able to challenge such reliance on appeal. *See United States v. Granik*, 386 F.3d 404, 412 (2d Cir. 2004) ("Under our precedents, a stipulation in a plea agreement, although not binding, may be relied upon in finding facts relevant to sentencing."); *United States v. Barrett*, 173 F.3d 682, 684 (8th Cir. 1999) ("A defendant may not challenge an application of the Guidelines to which he agreed in a plea agreement (unless he proves the agreement invalid or succeeds in withdrawing from it)."); *United States v. Early*, 77 F.3d 242, 244 (8th Cir. 1996).

The Seventh Circuit has suggested, in *United States v. Martinez*, that a defendant's stipulations in a plea agreement should be binding both in the district court and on appeal. 122 F.3d 421, 422-23 (7th Cir. 1997). But even *Martinez* recognized that if the government fails to

(continued...)

For its part, the government has not pointed to *any* specific image that it believes "portrays sadistic or masochistic conduct or other depictions of violence" and would therefore support a four-level enhancement under § 2G2.2(b)(4).  Instead, the government simply asserts: "Here it is evident that given the violent and depraved nature of the images at issue before this Court, the conduct portrayed in these photographs[] is not merely deviant but instead is violent or sadistic so as to warrant the four-level increase."  Gov't Position on Sent. Factors at 4 [Docket No. 37].

The Court reviewed *in camera* some of the child pornography that Meillier possessed.  The Court agrees with Meillier that the particular image identified by the probation office as supporting the application of § 2G2.2(b)(4) does not, in fact, portray "sadistic or masochistic conduct or other depictions of violence" and therefore does not support a four-level enhancement under the guidelines.  The probation office's description quoted above is basically accurate:  The picture portrays four adolescents — two male-female couples — having sex on a bed.  All of the adolescents appear to be in their early teens.  Neither boy appears to be using any force to restrain either girl.  Although one girl has a pillow over part of her face, she is holding it there herself, her mouth is not covered by the pillow, and she is not visibly grimacing or demonstrating other signs of pain.  Similarly, the other girl (whose face is visible) is displaying no signs of pain.

It appears that the probation office determined that the picture depicts sadistic, masochistic, or otherwise violent conduct within the meaning of § 2G2.2(b)(4) solely because it

---

[1](...continued)
argue that a defendant should be bound by stipulations in a plea agreement, the government waives or forfeits that argument.  *Id.* at 423.  As noted, in this case the government has not argued that Meillier should be bound by the stipulation in his plea agreement.

depicts "penetration of a minor" by another minor — in particular, because it depicts an adolescent male inserting his penis into the vagina of an adolescent female. The Court does not believe that § 2G2.2(b)(4) can be read so broadly.

The guidelines themselves do not define "sadistic or masochistic conduct or other depictions of violence." The Eighth Circuit, however, defined the phrase when it addressed the application of § 2G2.2(b)(4) in *United States v. Diaz*:[2]

> We have defined the term sadism as the infliction of pain on a love object to obtain sexual release, and as delight in physical or mental cruelty. *United States v. Wolk*, 337 F.3d 997, 1008 (8th Cir. 2003); *United States v. Parker*, 267 F.3d 839, 847 (8th Cir. 2001). We have defined violence as the exertion of physical force to injure or abuse. *Id.* The images in this case depict the sexual penetration of a minor girl by an adult male with his penis, a young boy performing fellatio on an adult male, an adult male performing anal sex on a minor girl, prepubescent girls performing fellatio on an adult male, a group of adolescent boys ejaculating on a grimacing prepubescent boy, and an adolescent male performing anal sex on a young boy. We conclude the images are sadistic or depictions of violence within the meaning of § 2G2.2(b)(3). *See Parker*, 267 F.3d at 847; *United States v. Hall*, 312 F.3d 1250, 1261-63 (11th Cir. 2002) (images showing vaginal or anal penetration of a prepubescent minor by either an adult male or a foreign object is sadistic within the meaning of § 2G2.2(b)(3)); *United States v. Lyckman*, 235 F.3d 234, 238-39 (5th Cir. 2000) (when pornographic image shows an adult male engaging in sexual intercourse with a young girl, the conduct shown is sufficiently painful, coercive, abusive, and degrading to qualify as sadistic or violent under § 2G2.2(b)(3)); *United States v. Canada*, 110 F.3d 260, 264 (5th Cir. 1997) (same).

368 F.3d 991, 992 (8th Cir. 2004). The definitions given by the Eighth Circuit in this passage, as well as the examples provided both in the text and in the citations, indicate that § 2G2.2(b)(4)

---

[2] What *Diaz* refers to as § 2G2.2(b)(3) has since been renumbered § 2G2.2(b)(4). *See* U.S. Sentencing Commission, Amendments to the Sentencing Guidelines effective Nov. 1, 2004 at 30-32, http://www.ussc.gov/2004guid/2004cong.pdf (emphasis added).

-4-

applies when images depict overtly painful or humiliating activity or when they depict oral, vaginal, or anal penetration of child by a foreign object or by a substantially older person.

The image at issue in this case depicts none of this. Rather, it depicts a boy and girl of approximately the same age having sexual intercourse. The image may indeed be "depraved" (to use the government's term), but § 2G2.2(b)(4) requires more than depravity — it requires sadism, masochism, or violence. As noted above, "sadism" is defined by the Eighth Circuit — and by popular dictionaries — as deriving sexual gratification from inflicting pain on others. *See Diaz*, 368 F.3d at 992; *American Heritage Dictionary of the English Language* 1531 (4th ed. 2006) ("*AHD Fourth*"). "Masochism" is generally defined as deriving sexual gratification from having pain inflicted on oneself. *See AHD Fourth* at 1076. And the Eighth Circuit and popular dictionaries agree that "violence" means "the exertion of physical force to injure or abuse." *Diaz*, 368 F.3d at 992; *see also AHD Fourth* at 1921 ("[p]hysical force exerted for the purpose of violating, damaging, or abusing").

The image relied upon in the PSR does not depict sadistic, masochistic, or otherwise violent activity.[3] The photograph betrays no hint that any of the minors is inflicting or experiencing pain. Moreover, the photograph does not depict physical force being exerted to injure or abuse. As *Diaz* described, when an adult sexually penetrates a minor, or when a minor

---

[3]The government could have argued for the application of § 2G2.2(b)(4) on the basis of *other* images possessed by Meillier. Some of those images at least arguably portray sadistic, masochistic, or violent conduct as defined by *Diaz*. The government has not, however, identified any specific image on which it relies for the application of § 2G2.2(b)(4), and the probation office relied only on the single image discussed in the text. Because the government has not asked the Court to rely on any other specific images to apply § 2G2.2(b)(4), the Court does not decide whether any of the other images possessed by Meillier portray sadistic, masochistic, or violent conduct that would warrant a four-level enhancement under the guidelines.

sexually penetrates a much younger child, physical force is being exerted to abuse the victim. But when two minors of roughly the same age engage in sexual intercourse, one is generally not considered to be "abusing" the other.

To read § 2G2.2(b)(4) to reach every photograph in which any minor is engaging in sexual intercourse (oral, vaginal, or anal) — even with someone of the same age — would empty the phrase "sadistic or masochistic conduct or other depictions of violence" of any real meaning. It would also require application of § 2G2.2(b)(4)'s four-level enhancement for sadistic, masochistic, or violent images to *every* image of a minor having sexual intercourse (including images of minors having sexual intercourse with other minors of the same age).  The Court does not believe that the Sentencing Commission intended § 2G2.2(b)(4) to sweep so broadly.

For the foregoing reasons, the Court sustains Meillier's objection to the application of § 2G2.2(b)(4) based on the single image cited in the PSR.


 Dated:  June 25, 2008                          s/Patrick J. Schiltz
                                                Patrick J. Schiltz
                                                United States District Judge